UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KRYSTAL FINCH<br>453 E. Vernon Road<br>Philadelphia, PA 19119<br><br>    Plaintiff,<br><br>v.<br><br>KEYSTONE HUMAN SERVICE<br>SYSTEMS, INC., d/b/a KEYSTONE<br>HUMAN SERVICES MID-ATLANTIC<br>124 Pine Street<br>Harrisburg, PA, 17101<br>    and<br>WILLIAM D'ANDREA<br>124 Pine Street<br>Harrisburg, PA, 17101<br>    and<br>VICTORIA HOSHOWER<br>124 Pine Street<br>Harrisburg, PA, 17101<br><br>    Defendants. | CIVIL ACTION<br><br>CASE NO.: _____<br><br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Krystal Finch (hereinafter referred to as "Plaintiff" unless indicated otherwise), hereby complains as follows against Keystone Human Service Systems, Inc., William D'Andrea, and Victoria Hoshower (hereinafter referred to as "Defendants" unless otherwise indicated), and avers as follows:

## INTRODUCTION

1.  Plaintiff initiates the instant action to redress violations by Defendants of the Americans with Disabilities Act ("ADAAA" – 42 U.S.C. §§ 12101 *et. seq.*), the Family and

Medical Leave Act ("FMLA" - 29 U.S.C. §§2601 *et. seq.*), and applicable state law(s).[1] The terms and conditions of Plaintiff's employment were unlawfully altered, and she was terminated in violation of the above laws.

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims, because this civil action arises under a law of the United States.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants citizens of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein under the ADA and has properly exhausted her administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right-to-sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

---

[1] Plaintiff will move to amend her instant lawsuit to include claims under the PHRA when her claims before the PHRC are fully exhausted administratively. Such claims will mirror identically Plaintiff's current federal claims under the ADAAA and are interpreted in the Third Circuit in the same manner.

7.  Plaintiff is an adult individual, with an address as set forth in the caption.

8.  Defendant Keystone Human Services, Inc. ("Defendant Keystone" if referred to individually) is an entity that provides care, assistance, and living oversight for individuals who suffer from mental retardation, autism, and other mental health problems.

9.  Defendant William D'Andrea was at all times relevant during Plaintiff's period of employment a service director who directly oversaw Plaintiff.

10. Defendant Victoria Hoshower was at all times relevant during Plaintiff's period of employment the regional director of Defendant Keystone who also supervised Plaintiff and Defendant D'Andrea.

11. Defendant Keystone is an "employer" within the meaning of the FMLA because, at all times relevant herein, Defendants have employed at least fifty (50) or more employees for at least 20 weeks during each calendar year of Plaintiff's employment with Defendant Keystone.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff was hired by Defendant Keystone in or about October of 2001.

14. Plaintiff was employed by Defendant Keystone as a program director.

15. During the majority of her employment with Defendant Keystone, Plaintiff oversaw a single residential home, "Pine Street."

16. Towards the end of her employment, Plaintiff was given additional responsibilities to oversee a second home, "Quarry Hall," in addition to her other location, Pine Street.

3

17. Plaintiff was given a pay increase in light of her additional responsibilities in overseeing a second home for Defendant Keystone.

18. Plaintiff was given additional responsibilities in overseeing a second home based upon her proven job performance.

19. In 2011, Plaintiff was suffering from anxiety and depression due to the death of a close family member, and she was treating for these health conditions with her doctor.

20. In or about early February 2011, Plaintiff requested a medical leave of absence due to her health problems.

21. In conjunction with her formal request for a medical leave, Plaintiff discussed her specific health problems with her management.

22. Plaintiff was scheduled to return from her medical leave of absence on or about March 17, 2011.

23. Plaintiff was informed on or about March 17, 2011, the same day in which she was scheduled to return to work, that she was terminated from Defendant.

24. The reason given to Plaintiff for her termination was a complaint by a resident, but Plaintiff believes and therefore avers that this is pretextual for many reasons, including but not limited to: (1) other colleagues were not terminated for such alleged complaints; (2) she was not given any type of normal and customary opportunity to respond to the allegations; (3) Defendants did not follow normal protocols or procures for addressing such allegations; (4) Defendants knew or should of known that Plaintiff was not responsible for any wrongdoing; and (5) Plaintiff's termination was motivated by animosity exhibited towards her due to her health problems and need for medical leave.

## First Cause of Action
## <u>Violations of the Family and Medical Leave Act ("FMLA")</u>
## (Interference & Retaliation)
## - Against All Defendants -

25. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

26. Plaintiff worked for Defendants for more than 1 year.

27. Plaintiff worked for Defendants for at least 1,250 hours in the year preceding her medical leave of absence commencing in February 2011.

28. Defendant Keystone is engaged in a business affecting interstate commerce.

29. Defendant Keystone employed at least 50 employees within 75 miles of Plaintiff's worksite(s) for the entire years of 2010 and 2011.

30. Plaintiff was eligible for FMLA leave as of February 2011.

31. Defendant Keystone violated the FMLA by: (1) terminating Plaintiff for taking FMLA-qualifying leave; (2) terminating Plaintiff to prevent her from further exercising her rights under the FMLA; (3) not reinstating her from an FMLA-qualifying leave as required by the Act to the same or similar position; and (4) not providing Plaintiff with required notifications of her FMLA rights/obligations/designations.

32. Defendant Individuals are personally liable for the actions as set forth in this Count because they personally oversaw Plaintiff's FMLA leave, knew Plaintiff was on FMLA-qualifying leave, and participated in the termination of Plaintiff in violation of the FMLA.

33. These actions as aforesaid constitute both interference and retaliation violations of the FMLA.

## Second Cause of Action
## Violations of the Americans with Disabilities Act ("ADAAA")
([1] Actual/Perceived Discrimination; [2] Retaliation)
- Against Defendant Keystone Only -

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35. Plaintiff has and continues to suffer from disabilities, as aforesaid, which have limited - at times - her life activities, including but not limited to, thinking, concentrating, and ability to work (and other activities).

36. Plaintiff's request for limited periods of time off from work constitute a reasonable accommodation request.

37. Plaintiff was upon information and belief terminated because of her known and/or perceived health problems, he record of impairment, and in retaliation for her requested reasonable accommodation(s) of time off from work.

38. These actions as aforesaid constitute violations of the ADAAA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating against and/or retaliating against employees and are to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered interference and/or retaliation at the hands of Defendants until the date of verdict;

6

C.   Plaintiff is to be awarded liquidated or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.   Plaintiff is to be awarded damages for emotional distress and/or pain and suffering and is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate (where legally permitted);

E.   Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.   Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.   Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

                Respectfully submitted,

                KARPF, KARPF & CERUTTI, P.C.

By:   _____
        Ari R. Karpf
        3331 Street Road
        Two Greenwood Square
        Suite 128
        Bensalem, PA 19020
        (215) 639-0801

Dated:   February 22, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Krystal Finch : CIVIL ACTION
       v. :
Keystone Human Service Systems, Inc. d/b/a
Keystone Human Services Mid-Atlantic, et al. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 2/24/2012 | Ari R. Karpf | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 453 E. Vernon Road, Philadelphia PA 19119

Address of Defendant: 124 Pine Street, Harrisburg PA 17101

Place of Accident, Incident or Transaction: Defendants place of business

(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)
A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 2/24/2012                         Attorney-at-Law                         ARK2484
                                                                                 Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/24/2012                         Attorney-at-Law                         ARK2484
                                                                                 Attorney I.D.# 91538

CIV. 609 (6/08)

%JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
FINCH, KRYSTAL

**DEFENDANTS**
KEYSTONE HUMAN SERVICE SYSTEMS, INC., d/b/a KEYSTONE HUMAN SERVICES MID-ATLANTIC, et al.

(b) County of Residence of First Listed Plaintiff: Philadelphia

County of Residence of First Listed Defendant: Dauphin

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)
Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020
(215) 639-0801, akarpf@karpf-law.com

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☒ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Americans with Disabilities Act "ADAAA" 42USC12101, FMLA 29USC2601

Brief description of cause:
Violations of 42USC12101 and 29USC2601

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE
DOCKET NUMBER

Explanation:

DATE: 2/24/2012

SIGNATURE OF ATTORNEY OF RECORD